Thank you. May it please the Court. Good morning. Good morning. My name is Paul Corelli. I am arguing on behalf of the appellant, Mr. Klune, this morning. I know that Mr. Klune has raised multiple issues on appeal. What I'd like to start with, Your Honors, is the pleading for due process under Section 1983. Can you just make sure you speak clearly? I'm sorry. Am I not projecting enough? My apologies. As the Court is aware, the public employment is by statute in California, and the statute permits in this instance of an administrator of a hospital district to have a contract. The contract has provisions in it for termination of the employee. The contract is not a truly at-will contract in the sense that in a typical at-will contract, either party can walk away at any time without any burden. But it looks like the contract, at least it seems rather clear to me, that defendants could terminate Mr. Klune at any time without cause. Section, I think it's 5B, states district may terminate employees' employment at will provided that it gives employee severance. I agree, Your Honor. So the contract has two provisions. The board, at the board's discretion, can vote to either terminate for cause, and there's enumerated factors or items that the board can terminate for cause, in which no payment needs to be made to the employee upon that type of termination. Or under paragraph 5B, as Your Honor has indicated, it's essentially a no-cause termination with a buyout provision of 12 months of compensation. So I guess what's your best case or argument as to why he's not an at-will employee? He's not at-will in the sense that the district has to do something if they want to fire him. They either have to, A. That's always the case. Well, I don't know if that's always the case, Your Honor. Well, I mean, if I have an employee who I want to terminate, I have to terminate him. Yes. But if it's a true at-will, then the employer doesn't have to do anything. If there's a contract where he's going to do anything. I don't understand what you're saying when he doesn't have to do anything. He has to fire him if you want to get into the application of the clause. I'm sorry, I just simply don't understand what you're saying. Yes, and I apologize if I'm not being clear. My point is simply that in this particular contract, the board could go one of two ways. They could either fire him for cause or they could fire him without cause. And if they fire him for cause, they have to give him a hearing. And if they fire him without cause, they have to pay him the severance that's listed in paragraph 5, as the court has noted. In this case, the employee is terminated without warning. He is not given any reason for why he's terminated. And it's pled in the complaint. That's what it means to be an at-will employee. Yes, I understand that, Your Honor. But he's not given any severance and he's not given a due process hearing. So he's terminated. He's told by the lawyer for the district that you were terminated without cause. Well, it was clear they were improper in not making the payment to you in the sense that you have a judgment for the termination payment. But what kind of hearing are you entitled to under B? You're not entitled to a hearing under B, Your Honor. I agree. You are not entitled to a hearing. But my point is this. At the point where he's terminated, okay, he doesn't know whether he's been fired for cause or not for cause. He's been told by a lawyer that it's not for cause, but he doesn't know that for sure. I thought he was told at the time he was fired that it was not for cause. He was told by the attorney that it was not for cause. All right. So he knew it was not for cause. But that could have simply been lip service paid by the district in order to usher him out. Well, the lawyer was the employer's agent, told him he was not paid for cause. And there's nothing in the record out from the board meeting whether he was fired for cause or not. Now, I understand that Your Honor is saying, yes, the lawyer told you that you were fired without cause. But I don't think that answers the question. I don't know what happened in the board meeting. Well, suppose just hypothetically the lawyer hadn't said it, but, you know, chairman of the board had said it. Would that have gotten it done? No, I don't think so. I think you still are entitled as the employee to plead because we're at the pleading stage. You can plead due process. And if the discovery shows that it doesn't pan out and he was actually fired without cause, then that goes away. What process are you due? You're getting ahead of me. I don't understand that. I'm sorry. The process due is that in public employment in California, if it's for cause, that he's entitled to a hearing on one of the enumerated violations that he apparently had done under the contract. Right. Okay. So that's what he would be entitled to. And he wasn't given that hearing. But he wasn't fired for cause. He was fired for he was an Adwell employee who was fired without cause. We're back to the same place because the lawyer told him that, but he doesn't know that for sure because he hasn't been paid his severance after many months. And so he filed the lawsuit. So that's my point with that, Your Honor. And I think that simply at the pleading stage, there was enough blood there to get past the 12B6 motion. I guess can you tell me more? Go ahead. Go ahead, Judge McGinn. I wanted to ask about the deferred compensation. And if you could explain the nature of the deferred compensation provided for in the employment contract. And specifically, it's kind of confusing to me, but I just wanted to ask maybe both sides this. How was this compensation paid to Mr. Kloon? Was it in cash? Well, this is my understanding, Your Honor. That was going to be my next topic anyway, so I appreciate the court asking that question. The deferred compensation is part of the salary package under paragraph 7 of the contract. The salary includes the base salary plus deferred compensation. And my understanding of what the deferred compensation is from the record is that it is money that was earned by Mr. Kloon while he's being employed, but is going to be paid later at some later time so that apparently it was to benefit the budget of the district so they don't have to pay his entire salary all at once. They can defer part of it to a later date. I suppose the employee also gets a benefit out of that if it's paid later on in retirement for tax benefit purposes, but I don't know that for sure in this particular case. But there's no question that it's part of his compensation. No question that it's part of his compensation. And it looked to me as though it was something that was like kiddied up to enhance his retirement benefit. Was it something like that? Well, I think it was more along the lines of the district's budget and being able to pay it later on down the line, much the same way that in sports these teams pay the big quarterback or whatever. They pay him some now and then they defer the compensation later. So I just wanted to try to get some clarity on this because California Government Code Section 3261 says that a severance payment cannot include non-cash items. And it appears the district court in this case concluded that the deferred compensation provided for includes contract was a non-cash item. But the contract seems to suggest that this was a specific dollar amount. I think it specifically seems to suggest a specific dollar amount that was included in part of Kuhn's salary. So I guess I'm just trying to figure out whether the district court erred here. And so I want to give you your best opportunity to tell me why you think he did. I think that the district court did err on it, and I'll explain why. And I did calculations ahead of time before I walked into court to make sure that I understood it in my head. Now under the paragraph 5B, it says that the district may terminate the employee's employment at will provided that it gives the employee severance of no less than 12 months' compensation. And the word compensation there I think is very broad and inures to the benefit of the employee. It doesn't say 12 months of base salary. It says 12 months of compensation. And I don't think that it's a coincidence that in paragraph 7, compensation is also referred to as deferred compensation. I think that the compensation referred to in paragraph 5 on severance is both the base salary and deferred compensation. And the $400,000 did not include, what, one month? Is that right? I don't think I understand Your Honor's question. My apologies. The judgment you got was for how much? The judgment was for $440,648, which is the base salary, plus ---- For what? For how many months? For 12 months. Right. And you're saying that ---- I'm saying that the word compensation in paragraph 5B includes deferred compensation. But in addition to that, you're saying that for the regular, not deferred compensation, that it's a little short than what it should have been. Isn't that what you're making? No, I'm not saying that at all, Your Honor. And I know it's hard for me to get my head around this, but if we just look at 12 months of salary plus deferred compensation, you end up at a total of $477,000. Okay? So then ---- And the judgment is for? It's for $440,000 and change. Yeah, so we're basically talking a month. Yeah, we're talking about the deferred compensation piece. Now, this is where it starts getting slightly complicated because we say we're entitled to base salary and deferred compensation, which is $477,000. Okay. Defendants say, but wait, you have to look at Government Code Section 53260. And 53260 puts a cap on the total amount of severance that can be paid to the employee. And that amount shall be in a ---- and this is ---- I'm reading from subsection 8. It shall be an amount equal to the monthly salary of the employee multiplied by the number of months left on the unexpired term of the contract. Okay. Mr. Klune had 13 months left on his contract. And even if you agree with the defendants that his base salary is all that you look at under this particular statute, his base salary, and the defendants stipulate to this, was $440,648 per year. And when you divide that by 12 months, you end up with a monthly base salary of $36,720.67. And when you multiply that by 13 months, which is the cap provided under the statute, what you end up with is $477,368.67, which is higher than what the plaintiff asked for, which was simply one year of salary, including deferred compensation. It's under the cap by $368.67. So what do you want? So what we want, Your Honor, is we would like to have a reversal on that issue with an order to pay Mr. Klune with that deferred compensation, which was denied in the trial court's order. That's roughly $36,000, right? It's roughly, yes. All right. We get that. Okay. Let me turn to the question of prevailing party, if I may, Your Honor, and the question of whether costs are owed to the plaintiff in this case. My understanding of the law in this area of prevailing party is if the lawsuit provided a party with something that the party wouldn't be able to get without filing the lawsuit and got relief sought, even if not every cause of action was a winner, that that party is the prevailing party and should be able to recover costs. And in this case, I understand that there were many causes of action filed by Mr. Klune, and he did not prevail on all the causes of action, but he did prevail on one, on a pretty big one. But it's district court discretion, right? I understand that. So why did they explain to us why you believed that the judge abused discretion here? Well, I think that in this particular case, it's a large amount of money that he recovered. Number two, this was money that Mr. Klune would not have been paid. I'm pretty convinced he would not have been paid by the district absent this particular lawsuit. When I look at the opposition to the partial summary judgment motion that Mr. Klune filed to collect on the breach of contract claim, the district opposed by saying that he hadn't performed under the contract and he wasn't entitled to that money that was owed under paragraph 5B. So it seems to me that their position was, we're not going to pay you no matter what. So the fact that he prevailed on that claim to me and won a substantial amount of money, regardless of whether he didn't prevail on the retaliation or some of the other claims, I think is important because he recovered a good sum that he would not have been otherwise able to recover. That's true, but it's also true that you alleged just a number of claims and spent, you know, years of time and money and effort on, which, of course, you're perfectly entitled to do, and then lost. So the judge said you were the prevailing party on one claim and there were mixed results, and so I'm going to give you costs that are substantially less than what you're looking for. Now, if I was a trial judge, I would have probably given you more, and Judge Gould may have given you even more. But that's not the point. I mean, the point is you've got to convince us that this was a result that no, you know, reasonable, sane district court would have done. It's a high standard. Right, I understand that. So explain it. How do you meet it? And so I think one of the things that Your Honor is talking about is fees and that we challenge the amount of attorney's fees. Well, fees is different. But I'm talking about the amount of costs. Now, certainly Mr. Klune recovered money in this case that otherwise, absent the lawsuit, he wouldn't have been able to. No doubt, mixed result. You won. And a mixed result. You won on this claim. And I think that even at a minimum, if the court said, listen, you won on partial summary judgment and that's where your costs get cut off because you prevailed up to that point. And you may not have prevailed later on at trial. But you should at least get some of the litigation costs back that up to that point of filing the partial summary judgment and winning that particular issue. The problem we have is, you know, we weren't there. This judge, as I read the record, spent a lot of time with this case. And there were lots of motions and lots of proceedings and a hard-fought case. And you've got to convince us why it's appropriate for us to substitute our judgment for the, you know, judge who lived with you gentlemen and lived with your claims on a, you know, day-in, day-out basis. I understand, Your Honor. But in this particular case, I think that given the fact that there was relief granted by the court and it was substantial relief, that I think that it should pretty much be the only very unusual case in which litigation costs are not awarded. I think that in this particular case, they should be awarded. So I have just a little bit of time left. I'd like to just reserve that. Sure. Thank you very much. May I proceed, Your Honors? Yes. Of course. Good morning. May it please the Court. My name is Scott Dixler and I represent the defendants. Your Honors, just at the outset, I wanted to point out that counsel didn't address the claims for attorney fees or the time limits at trial or several of the other claims. We heard it. We were sitting here listening to it. Right, of course. So we know what he addressed. Right. So I'm not planning to address that unless the Court has specific questions about it. It's your 20 minutes. Do what you think is most helpful. So what I will do is address the arguments that counsel raised. But, of course, if the panel has questions about any of them, I'm prepared to answer. In terms of due process, as the questioning indicated, Kloon was employed at will both under the contract and that was required as a matter of statutory law in California, that all health care officials in his position serve at the pleasure of the Board of Directors. He was employed at will. He was terminated without cause. Therefore, he has no protected property interest under the Constitution. Help me understand something that I was a little bit confused about when I went through this record. I mean, you obviously owed him the money. Why did you make him jump through all these hoops to get his salary? Your Honor, that was a litigated issue, and it was a litigated issue that we lost on. No, but the question was why was it litigated. Why was it litigated? It was pretty clear. What were you trying to do? As a trial strategy matter, Your Honor, I can't say. Well, you wrote the record. What did you take away from the record? What I took away from the record is that it was a hotly litigated case on many fronts. And all the parties. What defenses did you have to the salary? It looked like to me as though you were just trying to inflict pain on this man to make it more uncomfortable or make it difficult for him to litigate. Yeah, I don't see that in the record necessarily, but what I do see, again, is that it was a hotly litigated claim where every party was raising any conceivable argument it could, and the district court patiently worked through the case. And that was an issue, you know, that we didn't prevail on. What was your good faith basis for not paying him the severance pay? The argument that we raised below was an argument that because he materially breached the contract by failing to perform in certain ways, that he therefore wasn't entitled to the severance. And that's an argument that, you know, the district court ruled against us on. How can you make such an argument if your alternative argument or your parallel argument is that he was discharged without cause? Yeah, and it's for that reason that it's not an argument that the district is making on appeal. There's no cross appeal on this case, so that's completely out of the case. Kloon's recovery on the contract theory is not in jeopardy on appeal right now. The only question is whether over and above the contract recovery that he received, which the district isn't contesting on appeal. He's got that. The only issue is whether over and above that he's entitled to a due process recovery. And that is clearly not. Well, if you litigated against him marshaling and presenting evidence that he was fired for cause, how do you simultaneously maintain that he was fired without cause? Well, the argument below wasn't that he was fired for cause. The argument was that he materially breached the contract, which under California contract law discharges the non-breaching party from performance. But admittedly, the district court found that to be a weak argument, and it's an argument that the district has not pursued through a cross appeal. So that's completely out of the case right now. The issue on appeal is whether having prevailed on his breach of contract claim, and that's undisputed. He prevailed on that, and that's the world we live in. Let me ask you to do this. Assume, arguendo, that we conclude that the deferred compensation was compensation. What's the number associated with that? The number associated with it, I agree with opposing counsel, is that $36,000 figure. I believe he's asking for $36,350 in addition to the award he received. So if hypothetically we make that ruling, does anything have to get recalculated in the district court? No, no, not at all, Your Honor. The remedy from this court would be quite modest. It would just be an affirmance, but with an instruction to amend the judgment to include that extra money. But I'd like to argue why awarding that extra money isn't warranted, unless the panel has more questions on the due process issue. No, sure. I mean, this is It seems, though, that the contract here clearly provided for severance of 12 months' compensation, and Mr. Kuhn's annual compensation was $476,998, and this amount is within the cap imposed by 53260, which I think the cap is 477,368. Is that correct? Right. I don't take issue with the cap calculation, but I do take issue with his interpretation of the statute. And with the Court's leave, what I'd like to dismiss. Okay. Go ahead. So public employment in California, as counsel acknowledged and these courts acknowledged, is governed by statute, not by contract. So the statute set the ground rules, and then the parties can contract within that as long as they don't violate the statute. So here, severance payments are governed by 53260 and 53261 of the court. That code, as counsel and the court have indicated, sets a cap for severance payments, but it does more than that. It also sets forth a formula for calculating severance payments, and that formula can't be abridged by contract. And actually here, as I'll show, the contract is consistent with the formula laid out in 53260 and 53261. So if you look at 53260, it says, All contracts of employment shall be bound to include this provision, and the provision is that regardless of the term of the contract, if it's terminated, the maximum cash settlement that an employee may receive shall be an amount equal to the monthly salary of the employee multiplied by the term remaining. So it uses the word salary. Then the fact that that's a formula, not just a cap but a formula, is emphasized in Subdivision C of the statute, which uses the word formula. It says the cash settlement formulas described in Subdivision A, and then it goes on. But it talks about maximum cash settlement formulas. So if you look at the employment agreement that Kloon had with the health care district, and I'm looking at Section 7A, it distinguishes very carefully between Kloon's salary on the one hand and deferred compensation on the other hand. So I agree with the Court, from the questioning of my adversary, that deferred compensation is compensation, but that doesn't get him where he needs to be, because the critical issue is whether it's salary, and only salary can be part of the settlement formula in 53260. So that was the basis for the district court's ruling. So why isn't it salary? Well, the parties could call it what they wanted to, but the parties in this case called it different. They distinguished salary on the one hand, which I think in the ordinary use of the word means the money that an employee regularly receives for performing his job duties, and then they distinguished that, the parties, both sophisticated parties, bargained for something different for deferred compensation. And I agree with my opposing counsel's description of what the deferred compensation was, but by a matter of ordinary usage and then also as a matter just of the contractual text, salary is distinguished from deferred compensation. Only salary could be part of the settlement formula under 53260, and therefore the district court properly excluded deferred compensation. But again, if the Court disagrees about that, the remedy is very modest. It would just be amending the judgment by the $36,000 figure that opposing counsel is seeking. Finally, regarding costs. And the costs and fees issues, I mean, as Judge Parker indicated, they are different, but they're similar in that both implicate the district court's broad discretion. Before you go on, doesn't Section 7 specifically define salary, I think? Doesn't the contract of Section 7 explicitly define salary to include the deferred compensation? No, Your Honor. So Section 7 is captioned salary, which injects some lack of clarity, but it becomes much clearer when you actually read down into the subdivision A right below it in the contract, where the first sentence, using a capital letter salary, says the salary of employee for his services shall be $425,000. So that defines what salary is. Then if you look at the last sentence of that paragraph, it says employee shall also receive. So in addition to the defined salary term, the employee shall also receive $25,000 per year to be placed in a deferred compensation plan. So that very carefully distinguishes salary on the one hand from deferred compensation on the other. It seems to me to distinguish salary you get today or, you know, the salary you get first of the month from salary you get at some point in the future. Well, it distinguishes salary from deferred compensation, and that's a meaningful distinction given that Section 53-260 limits the calculation to salary and not other forms of compensation. I would also direct the Court. So if I was making I'm signed up to receive $500,000 a year, and for tax reasons or for whatever reason I said, look, I want you to just pay me $10,000 a month for a year or two years, and then, you know, when I retire and leave California and go to Arizona or Florida, pay me the rest. I mean, that's salary. He just doesn't get it today. He gets it when he's in Miami Beach. Well, I disagree, Your Honor, both as a matter of common usage and also as a matter of just of contractual text. As a matter of common usage, I think salary means what it means in the world, which is that an employee works and gets biweekly or whatever else, paychecks in lockstep with the work, and consistent with that ordinary usage, the contract distinguishes the salary of the employee and provides the salary of the employee shall be $425,000, and then separate and apart from that is the deferred compensation. Unless the panel has any additional questions on that issue, counsel has challenged the district court's decision not to award prevailing party costs. As Judge Parker recognized, that's an area where the district court enjoys broad discretion. This was a mixed result. Ploon prevailed on only one of his nine claims. He obtained only a small portion of the damages he was seeking. The district court didn't abuse its discretion in deciding that each party should bear its own cost. Counsel didn't address the attorney fees issues. Well, let me ask about that, though. The district court, you know, awarded drastically reduced amount of attorney's fees than was requested. So was that an abuse of discretion? It wasn't, Your Honor. Again, this is an area where district courts enjoy broad discretion, both because they've lived with the case for so long and because they're familiar with litigation in their district. This was a judge who gave this case thorough and careful attention at every step, as the panel's already noted. And throughout that process, the district court got a sense of what efforts Ploon's counsel reasonably expended on his one successful claim, his breach of contract claim, which the district court explained was a pretty simple claim, just getting severance to which he was entitled, and what efforts were not directed at that claim. So first of all, the district court had discretion to determine under California law that the claims were not inextricably intertwined, that that contract claim, which the court found was a very simple and straightforward claim, was severable from all the other claims in the case. So that wasn't an abuse of discretion. And then the court had discretion to apply the lodestar method as it did, applying a reasonable hourly rate, and in this case it actually accepted the rates proffered by Ploon's counsel, multiplied by a reasonable number of hours worked. So the district court properly applied the governing legal framework, and it did so in a way that was not illogical, implausible, or contradicted by the record, so there's no abuse of discretion. It is less than Ploon's counsel asked for by a significant amount, but the district court has discretion to do that. Indeed, the award was so, the request for attorney fees was so patently unreasonable that under California law the district court would have been entitled to deny fees altogether. But he didn't do that. He awarded fees to Ploon's counsel in a reduced amount to account for the fact that Ploon prevailed on only one fee-eligible claim. Unless there's any other questions on the panel I can submit, I'm prepared to address why the district court didn't abuse its discretion in imposing reasonable time limits at the bench trial. Yeah, I have no questions. All right. Thank you. Okay, thank you. Thank you. Very briefly, Your Honors, on Section 53-260, the legislature of California decided they're going to put a cap on these type of settlements. And the cap is exactly what the statute says it's supposed to be, which is it shall be an amount equal to the monthly salary of the employee multiplied by the number of months left on the unexpired term of the contract. The point is simply that even if you were to look just at the base salary of Mr. Ploon at the time of termination, you would still have to multiply that number by 13, which is the number of months remaining on his contract, to get to the cap. That cap, when you multiply 13 times the base salary on a monthly basis, exceeds the year total of compensation plus deferred compensation that he was owed under the contract. So our point is that the statute doesn't really take effect because they haven't gone over the cap. If they had gone over the cap, then we'd have to reduce it down to where the cap is. But the term, 12 months of compensation under the contract, which he's owed, which is a salary plus deferred compensation, doesn't reach that statutory cap. And I spoke about the calculations earlier, so I don't want to belabor that. I think the Court has it. Our reply brief does a pretty good job of explaining how that cap was not reached. My time is up. I appreciate it. If there's any other questions, I'm happy to answer them. Thank you very much. No questions here. Is there a number you gentlemen agree on? And if so, what is it? That's assuming you're wrong. Right. From my perspective, Your Honor, it's in the briefs. It's that 470. Okay. Yeah, add it to it, whatever, Judge. Yeah, I think that's right. All right. Well, thank you. Thank you both. Both. Mr. Corelli, Mr. Dixler, for your oral argument presentations here today. The case of Peter Klune v. Palo Verde Health Care District is submitted and will be adjourned for the day. Thank you very much. All rise.
judges: Parker, Gould, Murguia